

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ESQUIVEL, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>Defendant. | Case No.:  25-cv-03229-AJB-VET<br><br>**ORDER:**<br><br>**(1) DISCHARGING ORDER TO SHOW CAUSE, AND**<br><br>**(2) DIRECTING ENTRY OF DEFAULT** |

On March 11, 2026, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to timely effect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Civil Local Rule 4.1.b. (Doc. No. 3.) The next day, Plaintiff Joe Esquivel filed a proof of service detailing that, on December 3, 2025, the process server "**SUBSTITUTE** served by delivering a true copy of the **Summons in a Civil Action; Civil Cover Sheet; Class Action Complaint; Exhibit A** with the date and hour of service endorsed thereon by me to: **David Gunderson** as **Corporate Controller**, a person employed therein and authorized to accept service for **I.C. System, Inc.** at the address of: **444 Highway 96 E, Saint Pail, MN 55127**, the within named person's usual place of **Work**, in compliance with State Statutes." (Doc. No. 4 (emphasis in original).)

25-cv-03229-AJB-VET

On March 16, 2026, Plaintiff Counsel filed a declaration in response to the OSC, stating that "[s]ervice of process was properly effected on Defendant within the applicable time period; however, due to inadvertence and administrative oversight, the proof of service was not timely filed with the Court." (Doc. No. 5 ¶ 7.)

The Court notes two issues. First, Plaintiff Counsel appears to have incorrectly filed the proof of service through the CM/ECF System as the docket text reads: "Summons Returned Unexecuted by Joe Esquivel as to I.C. System, Inc.., SUMMONS Returned Executed by Joe Esquivel. I.C. System, Inc. served.", instead of reading "SUMMONS Returned Executed by Joe Esquivel. I.C. Systems, Inc. served." as it should if service was properly effectuated. (Doc. No. 4.) Second, pursuant to Rule 4(h), a domestic corporation can be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Under Minnesota law, personal service of a "summons within the state . . . [u]pon a domestic or foreign corporation[ is effectuated] by delivering a copy to an officer or managing agent, or to any other agent authorized expressly or impliedly or designated by statute to receive service of summons, and if the agent is one authorized or designated under statute to receive service any statutory provision for the manner of such service shall be complied with." Minn. R. Civ. P. 4.03. As such, service here was personal—not substitute—service on a corporation.

Having found service was proper and timely, the Court **DISCHARGES** the OSC. However, Plaintiff **must withdraw and refile** the proof of service using the correct CM/ECF System function **no later than <u>March 20, 2026</u>**. Plaintiff Counsel is cautioned to adhere to all Federal, Local, and Chambers rules in the future, including timely filing proof of service.

Based on the proof of service, Defendant I.C. System, Inc., was service on December 3, 2025. (Doc. No. 4.) More than ninety days have elapsed since service was effectuated, and Defendant has failed to file an answer or otherwise respond to the

25-cv-03229-AJB-VET

complaint. Accordingly, the Clerk of Court is **DIRECTED** to enter default against Defendant. *See* Fed. R. Civ. P. 55(a). Plaintiff must file a motion for default judgment no later than **thirty days** from the docketing of this Order. *See* CivLR 55.1.

    **IT IS SO ORDERED.**

Dated:  March 16, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-03229-AJB-VET