UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ESQUIVEL, individually and on behalf of all those similarly situated, Plaintiff, v. I.C. SYSTEM, INC., Defendant. | Case No.: 3:25-cv-03229-AJB-VET<br>**ORDER SANCTIONING PLAINTIFF FOR FAILURE TO APPEAR AT EARLY NEUTRAL EVALUATION CONFERENCE** |

On June 17, 2026, the Court ordered Plaintiff to show cause why he should not be sanctioned for failing to appear at an Early Neutral Evaluation Conference ("ENE") held earlier that day. ECF No. 22. Plaintiff filed a timely response to the order to show cause ("OSC") and appeared at the July 1, 2026 OSC hearing. *See* ECF Nos. 24, 29. Based on responses to the Court's inquiries, the Court tentatively concluded that sanctions appeared appropriate and requested additional briefing. ECF Nos. 27, 29. Plaintiff filed a supplementary response on July 13, 2026. ECF No. 30. For the reasons set forth below, the Court hereby **SANCTIONS** Plaintiff Joe Esquivel and **DISCHARGES** the Court's June 17, 2026 OSC.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2026, the Court issued a Notice and Order Setting an ENE and Case Management Conference ("CMC") for June 17, 2026 at 2:00 p.m. before Magistrate Judge Valerie E. Torres ("ENE/CMC Order"). ECF No. 17. The ENE/CMC Order required that

both lead counsel and party representatives participate in the ENE. *Id.* at 2. Plaintiff's counsel, upon receipt of the ENE/CMC Order, informed Plaintiff by phone call and text message of the date of the ENE. ECF No. 29 at 4. Counsel also informed Plaintiff that his presence at the ENE was required. *Id.* at 5. Plaintiff confirmed with his counsel that he would attend. *Id.* at 4.

On June 12, 2026, the Court emailed Plaintiff's counsel the instructions for joining the ENE via videoconference. Plaintiff's counsel forwarded the videoconference information to Plaintiff, reaching out multiple times by text message and once by phone to confirm that he would attend. *Id.* at 4–6. Plaintiff did not respond to his counsel's communications and counsel was not aware, prior to June 17, 2026, that Plaintiff was unable to attend the ENE. *Id.* at 5–6. At no time prior to June 17, 2026 did Plaintiff seek to continue the ENE due to his unavailability or otherwise request to be excused from appearing at the ENE.

On June 17, 2026, the Court held the ENE as scheduled at 2:00 p.m. ECF No. 20. Plaintiff's counsel, Defendant's counsel, and Defendant's corporate representative appeared. *Id.* Plaintiff did not appear and, while the Court and other parties waited, his attorney made multiple unsuccessful attempts by various means to reach Plaintiff during the ENE. ECF No. 22 at 2. After waiting for Plaintiff for more than twenty minutes, the Court concluded the ENE and did not proceed with the CMC. *Id.* The Court reset the ENE/CMC for June 30, 2026 at 9:30 a.m. and, later the same day, ordered Plaintiff to show cause why he should not be sanctioned for failing to appear at the ENE. ECF Nos. 21, 22. Five days later, on June 22, 2026, the parties jointly moved to dismiss this action without prejudice. ECF No. 23.

On June 23, 2026, Plaintiff timely responded to the OSC. ECF No. 24. Plaintiff admits that his attorneys informed him of the ENE set for June 17, 2026 and provided Plaintiff with the videoconference instructions. *Id.* at 2. Plaintiff's counsel further confirms that Plaintiff knew he was required to attend the ENE. ECF No. 29 at 5. However, Plaintiff indicates that he was "unable to attend the ENE due to circumstances beyond [his] control

in "the days leading up to and including the week of June 17, 2026." ECF No. 24-1 at ¶ 3. Those circumstances included not having access to a laptop and unexpected travel with his wife because Plaintiff's regular caregiver was not available during his wife's pre-planned travel and his wife was unwilling to leave him home alone. *Id.* Plaintiff also states that medical conditions, including a rotator cuff injury and back issues, prevented him from attending the ENE as he cannot "move freely," travel independently, or attend court proceedings without assistance. *Id.* at ¶¶ 3–5. Plaintiff's response does not indicate that he made any attempt to notify his attorney or communicate to the Court in any way that he would not attend the ENE. *See generally* ECF No. 24. Nor does Plaintiff suggest that his attorneys were aware of the circumstances that caused him not to attend the ENE. *See generally id.*

Plaintiff then appeared at the July 1, 2026 OSC hearing. *See* ECF No. 29 at 2–3. At that time, Plaintiff's counsel represented to the Court that (i) he informed Plaintiff of the ENE prior to June 17, 2026, (ii) Plaintiff understood his presence at the ENE was required, and (iii) Plaintiff's counsel had no prior notice of Plaintiff's inability or decision not to attend the ENE. *Id.* at 3–12. The Court tentatively found that sanctions against Plaintiff were appropriate and gave Plaintiff leave to file a supplementary response regarding his ability to pay a monetary sanction. *Id.* at 12; ECF No. 27.

Plaintiff filed his supplementary response on July 13, 2026. ECF No. 30. Plaintiff explains that he is unemployed and disabled and that his sole source of income is Social Security Disability Insurance in the amount of $1,571.00 per month. *Id.* at 2–3. He receives additional benefits in the form of $21.00 per month in CalFresh food assistance and medical services through Medicare. *Id.* at 3. As of July 7, 2026, his sole bank account contained approximately $20.00 and he has no additional savings, investments, or assets. *Id.* He does not elaborate on his family's resources, including his spouse, or any monthly expenses. *See generally id.* Given his financial situation, Plaintiff argues that even a modest monetary sanction "would impose a genuine hardship on [him] and [] draw against funds required for his minimum living needs." *Id.* at 4.

## II. LEGAL STANDARD

A pretrial order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Martin Family Tr. v. NECO*, 186 F.R.D. 601, 604 (E.D. Cal. 1999) (litigants have "unflagging duty to comply with clearly communicated case-management orders"). Pursuant to Federal Rule of Civil Procedure 16(f),[1] the Court may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney fails to "appear at a scheduling or other pretrial conference" or "obey a scheduling or other pretrial order." Fed. R. Civ. P 16(f)(1); *see also* CivLR 83.1 (authorizing "any and all sanctions authorized by statute or rule within the inherent power of the Court" for the failure of any party to comply with "any order of the Court"); J. Torres Civ. Chambers R. III.B ("If any of the required representatives for the parties fail to appear at the ENE/CMC, the Court will issue an Order to Show Cause to determine whether sanctions are appropriate."). A pretrial conference under Rule 16 includes a settlement conference. *See Ayers v. Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (explaining that a conference before trial under Rule 16(a) includes a conference for the purpose of "facilitating the settlement of the case" and affirming sanctioning of attorney for his failure to appear at a settlement conference); *see also* Fed. R. Civ. P. 16(a)(5). "A court fine is among the 'just orders' contemplated as a sanction by the rule." *Kelley v. S. Capital Fin. Grp., LLC*, No. 22-cv-01708-ART-NJK, 2024 U.S. Dist. LEXIS 107594, at *2 (D. Nev. June 17, 2024).

"[V]iolations of Federal Rule 16 are neither technical nor trivial" because they "involve a matter most critical to the court itself: management of its docket and avoidance of unnecessary delays in the administration of its cases." *Juneau v. Subaru of Am., Inc.*, No. 23-cv-614-DMS-KSC, 2023 U.S. Dist. LEXIS 182071, at *6 (S.D. Cal. Oct. 6, 2023).

---

[1] Unless otherwise indicated, all references to a "Rule" are to the Federal Rules of Civil Procedure.

It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). Moreover, sanctions under Rule 16(f) are appropriate even when the disobedience is unintentional. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *see also Juneau*, 2023 U.S. Dist. LEXIS 182071, at *6 ("Sanctions are still within the Court's discretion even if the sanctioned party offers up an excuse and the failure to appear at a hearing is not intentional.").

"Imposition of sanctions under Rule 16(f) requires notice and an opportunity to be heard." *Ayers*, 895 F.2d at 1270; *see also Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011) (collecting cases and holding that additional process is necessary only where sanction is "sufficiently serious," generally, at least $5,000). An award of sanctions under Rule 16(f) is within the court's discretion. *Ayers*, 895 F.2d at 1269.

## III. DISCUSSION

The ENE/CMC Order is clear that the Court required all parties and lead counsel to attend the June 17, 2026 ENE and be prepared to explore settlement. ECF No. 17 at 2–3. Moreover, there is no dispute that Plaintiff received notice of the ENE when the Court issued the ENE/CMC Order and understood that the Court required his attendance at the ENE. Thus, Plaintiff was aware of the ENE and the requirement that he attend several weeks prior to June 17, 2026. Plaintiff's counsel also reminded Plaintiff of the upcoming ENE at least a few days prior to June 17, 2026, when counsel forwarded Plaintiff the Court's videoconference instructions. ECF No. 29 at 4–6. Plaintiff did not respond to this final communication, nor did he respond to his attorney's communications during the ENE while the Court and other parties waited for him to appear.

Plaintiff points to unexpected travel or medical circumstances to excuse his failure to appear, but his response confirms that these events or issues were occurring and/or present in the days leading up to June 17, 2026. This means Plaintiff had ample opportunity, *prior to June 17, 2026*, to communicate with his attorney and/or notify the Court that he was unable to attend the ENE. If Plaintiff had timely sought relief from the

Court's ENE/CMC Order, the Court might have reset the ENE or excused him from appearing. Instead, Plaintiff did nothing, and he provides no explanation as to why he made no effort to seek timely relief or even inform or respond to communication from his attorney.

Plaintiff's non-compliance disrupted the Court's management of its docket, caused unnecessary delays in the administration of this case, and wasted the Court's and Defendant's resources, who prepared for and appeared at the ENE. Plaintiff's failure to comply with court orders is also troubling given that he elected to pursue this case as a class action. ECF No. 1 at 1. As such, Plaintiff has fiduciary obligations to the putative class as the class representative and thus risks harming the interests of the class through his conduct. *Joffe v. Google, Inc.*, 21 F.4th 1102, 1122 (9th Cir. 2021) (class representatives have fiduciary duty to members of class); Fed. R. Civ. P. 23(a)(1) (class representatives must "fairly and adequately protect the interests of the class" as a prerequisite to class certification). It is equally troubling that mere days after the Court issued the OSC, Plaintiff agreed to dismiss this case, *see* ECF No. 23, and then relied on the stipulated dismissal to argue that the OSC was moot, *see* ECF No. 24 at 3. If Plaintiff did not intend to pursue this litigation, his failure to appear at the ENE is even more egregious and wasteful in terms of unnecessarily consuming the Court's and Defendant's time and resources. Moreover, a party cannot avoid sanctions by simply dismissing an action.

In sum, based on Plaintiff's responses to the OSC and the representations made at the OSC hearing, the Court finds that Plaintiff does not show cause for his failure both appear at the June 17, 2026 ENE and comply with the Court's ENE/CMC Order. This failure warrants sanctions. In terms of the appropriate sanction, the Court concludes that a court fine of $50.00 is appropriate. While the Court is sensitive to Plaintiff's economic circumstances, Plaintiff made no effort to attend the ENE or timely seek relief, failed to explain why he did not seek relief, and then seemingly sought to avoid sanctions by dismissing this action. Under these circumstances, the Court is satisfied that the modest fine ordered herein is necessary and proper.

Lastly, under Rule 16(f), the Court "must order the party, its attorney, or both to pay the reasonable expenses—including attorneys fees—incurred because of any noncompliance . . . unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). Here, Defendant does not seek an award of costs or fees and has not participated in the OSC proceedings. *See, e.g.,* ECF No. 29 at 2 (Defendant did not appear at OSC hearing). Furthermore, Defendant jointly moved with Plaintiff to dismiss this case. ECF No. 23 at 1. Thus, based on the current posture of the case, the Court finds that an award of costs/fees is neither necessary nor appropriate. *See* Fed. R. Civ. P. 16(f).

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. The Court **DISCHARGES** the June 17, 2026 Order to Show Cause. ECF No. 22.
2. The Court **SANCTIONS** Plaintiff Joe Esquivel in the amount of $50.00 pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 83.1.

a. **On or before September 8, 2026**, Plaintiff **SHALL** submit payment in the amount of $50.00 as a court fine to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified fund of the United States Treasury via a check made payable to "Clerk, U.S. District Court." *See* CivLR 83.1(b). Plaintiff must either mail the check to "Office of the Clerk, U.S. District Court, Southern District of California, Financial Department, 333 West Broadway, Room 420, San Diego, CA 92101" or pay in person at the Clerk's Office on the fourth floor of the Carter/Keep U.S. Courthouse. Should Plaintiff elect to send the check by mail, he must include "Case No. 3:25-cv-03229-AJB-VET" on the memo line of the check.

b. Plaintiff **SHALL** file proof of payment **within five days of payment.**

**IT IS SO ORDERED.**

Dated: July 22, 2026

Hon. Valerie E. Torres
United States Magistrate Judge